***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted July 7, 2023, affirmed August 23, 2023

Autumn K. BLAKE,
fka Autumn K. Lambright,
*Petitioner-Respondent,*

*v.*

Alvin M. LAMBRIGHT,
*Respondent-Appellant.*

Polk County Circuit Court
14DR08971; A179534

Rafael A. Caso, Judge.

Alvin M. Lambright submitted the brief *pro se.*

No appearance for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Father appeals from a supplemental judgment addressing custody, parenting time, and child support. Mother sought to modify each, and the trial court denied her motion to modify custody and parenting time, but modified child support. As we understand father's claims on appeal, he argues that the court miscalculated child support and that the supplemental judgment contains a typographical error. We affirm.

As to father's claim that the court miscalculated child support, we note that the trial court held hearings over the course of three days, but father has not designated the transcript of those proceedings on appeal. Thus, we cannot determine the basis of the trial court's decision, or whether evidence supports factual findings that the trial court used to calculate child support. "An appellant bears the burden of providing a record sufficient to demonstrate that error occurred." *Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007). If the record is insufficient, we may decline to review the issue. ORS 19.365(5). Because the transcript is necessary to evaluate father's assignment of error and one has not been provided, we conclude that father's argument that the trial court erred in calculating child support is unreviewable.

We agree with father that the supplemental judgment appears to contain a typographical error, inasmuch as in one place, it refers to a child who is not one of the parents' children. Father asserts that he was not served with the proposed judgment, which would have allowed him to address that (and any other) errors. However, mother's counsel signed a certificate of service reflecting that she served the proposed judgment on father. Moreover, as to the typographical error, it does not appear to have impacted the child support calculations, which is the ruling to which father has assigned error. To the extent father is concerned about the typographical error, the appropriate course is to seek correction in the trial court. *See* ORCP 71 A.

Affirmed.